# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-20289
CONSOLIDATED WITH
No. 24-20561
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 21, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NDEM ODUU,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-250-1

_____

Before KING, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Ndem Oduu pleaded guilty to one count of theft of government property and was sentenced within the applicable guidelines range to 45 months of imprisonment. His written plea agreement did not contain a waiver of appellate rights. Proceeding pro se, he now appeals his conviction

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

and sentence, arguing that the district court erred by (i) accepting his guilty plea without a sufficient factual basis, (ii) denying his motion to suppress, (iii) allowing a superseding indictment that was obtained as a result of prosecutorial misconduct, (iv) calculating the loss amount and applying the U.S.S.G. § 2B1.1(b)(1)(G) sentencing enhancement, and (v) constructively amending the indictment at sentencing (No. 24-20289).

Oduu has not shown that the district court erred, much less that it plainly erred, in accepting his guilty plea based upon the factual basis set forth in the record. *See United States v. Pruett*, 681 F.3d 232, 247 (5th Cir. 2012); *see also United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007) ("An error is considered plain, or obvious, only if the error is clear under existing law."). In addition, his valid and unconditional guilty plea waives his challenge to the denial of his motion to suppress. *See United States v. Coil*, 442 F.3d 912, 914-15 (5th Cir. 2006). Oduu points to no tangible evidence to support his claim of prosecutorial vindictiveness; without more, this claim fails, and there is no plain error. *See United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008); *United States v. Thomas*, 991 F.2d 206, 215 (5th Cir. 1993). As to his constructive amendment claim, he does not show error, plain or otherwise. *See United States v. Daniels*, 252 F.3d 411, 414 (5th Cir. 2001).

With regard to his sentencing claims, Oduu fails to show that the district court erred or violated his due process rights by increasing his guidelines sentencing range based upon conduct that was neither charged in his indictment nor admitted during his guilty plea. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000); *see also United States v. Benns*, 740 F.3d 370, 374 (5th Cir. 2014 (stating that "the loss amount may include losses attributable to other acts that constitute 'relevant conduct'"). Oduu has also failed to show that the facts upon which the district court relied to determine the loss amount, as described in the presentence report and the Government's exhibits, did

not bear sufficient reliability to support the loss-amount finding. *See United States v. Zuniga*, 720 F.3d 587, 590-91 (5th Cir. 2013). Nor has he shown clear error in the district court's findings regarding relevant conduct. *See United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999). As to his argument that his sentence constitutes a breach of his plea agreement, he has failed to show error. *See United States v. Casillas*, 853 F.3d 215, 217 (5th Cir. 2017).

Accordingly, the judgment of the district court is AFFIRMED. Oduu's motion for leave to proceed on the original record is GRANTED and his alternative motion for transcripts at government expense is DENIED.

Oduu has also appealed the district court's order denying his motion for production of the transcripts of the grand jury proceedings (No. 24-20561). He fails to show that the district court abused its discretion in denying his motion. *See United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993). Accordingly, the district court's order is AFFIRMED. Oduu's motion to clarify appellate jurisdiction is DENIED as unnecessary.